UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

RADOSLAV BOEV,

                Plaintiff,

-against-

AMSHER COLLECTION SERVICES, INC.,

                Defendant.

------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 11 2007 ★
BROOKLYN OFFICE

COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

07 5160

JURY TRIAL DEMANDED

BLOCK, J.

MATSUMOTO, M.J.

## INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff RADOSLAV BOEV, an individual consumer, against Defendant AMSHER COLLECTION SERVICES, INC. ("Defendant" or "Amsher") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Defendants violated the Act by continuing to report Mr. Boev's account to credit reporting agencies after Mr. Boev had disputed the debt and without providing any verification of the debt to Mr. Boev.

## JURISDICTION

2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

1

## PARTIES

3. Plaintiff Radoslav Boev is a natural person residing in Astoria, New York.

4. Defendant AMSHER COLLECTION SERVICES, INC. is an Alabama corporation engaged in the business of collecting debt in this state with its principal place of business located in Birmingham, Alabama. The principal purpose of Defendant is the collection of debts and defendant regularly attempts to collect debts allegedly due to another, and is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

5. On or around May 2, 2007 defendant began to attempt to collect an alleged consumer debt from the plaintiff by sending the plaintiff a collection letter demanding that he pay $166.61 for a T-Mobile account.

6. On May 10, 2007 the plaintiff wrote to defendant and disputed the validity of the debt, ordering defendant to cease collection of the debt until it provided him with written verification of the alleged debt.

7. Notwithstanding the receipt of this letter defendant continued to collect on the alleged debt without sending the plaintiff any written verification of that alleged debt. Specifically, defendant continued to report the alleged debt to all three major credit reporting agencies.

8. On September 26, 2007 the plaintiff spoke with one of Amsher's debt collectors. That collector falsely informed the plaintiff that he was obligated to

dispute the bill with the original creditor prior to disputing it with Amsher, that it was his obligation to follow up and make sure he received a response to his dispute letter to Amsher and that it was his failure to do so that caused the item to appear on his credit report.

9. On or around November 9, 2007 the plaintiff applied for and was denied an apartment rental for himself in Astoria, Queens. That denial was caused by the derogatory an inaccurate information that the defendant had reported to the three major credit reporting agencies.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

10. The plaintiff hereby realleges in incorporates by reference each of the allegations alleged above.

11. Plaintiff Radoslav Boev is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

12. Defendant Amsher is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

13. The alleged debt underlying plaintiff's complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

14. Defendant violated 15 U.S.C. § 1692g(b) by continuing to attempt to collect the alleged debt without providing the plaintiff written verification of the alleged debt.

15. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10) by reporting the alleged debt to consumer reporting agencies after being informed by the plaintiff that the debt was not valid.

16. Defendant violated 15 U.S.C. §§ 1692e, and 1692e(10) by falsely informing the plaintiff that he was obligated to dispute the debt with the original creditor before disputing the debt with Amsher.

17. Defendant violated 15 U.S.C. §§ 1692e, and 1692e(10) by falsely informing the plaintiff that it was his legal obligation to ensure that Amsher responded to his dispute letter and that his failure to do so caused the item to appear on his credit reports.

The plaintiff is entitled to an award of actual and statutory damages for the defendants' unlawful conduct, in addition to an award of costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

**WHEREFORE,** the plaintiff respectfully requests that judgment be entered as follows:

A. Awarding the plaintiff actual damages pursuant to 15 USC § 1692k(a)(1).

B. Awarding the plaintiff statutory damages pursuant to 15 USC § 1692k(a)(2)(A).

C. Awarding the plaintiff attorney's fees and costs pursuant to 15 USC § 1692k(a)(3).

4

D.  Granting such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff Rodislav Boev demands trial by jury in this action.

Dated: December 7, 2007
New York, NY

*/s/ Kevin C. Mallon*

Kevin C. Mallon (kcm 4798)
Fishman & Neil, LLP
305 Broadway, Suite 900
New York, NY 10007
(212) 822-1474
Attorneys for Plaintiff